IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ALLAN ARTHUR ARANYOS,**                                            **PETITIONER**

**v.**                                 **CIVIL ACTION NO.: 3:13cv174-MPM-SAA**

**JIM HOOD,**                                                               **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner, Allan Arthur Aranyos, Mississippi prisoner no. 152850, has filed a pro se federal habeas petition pursuant to 28 U.S.C § 2254, seeking to challenge his State court conviction and sentence for the crime of embezzlement. Having considered the submissions of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that relief should be denied, for the reasons that follow.

**Background Facts and Procedural History**

Petitioner pleaded guilty to the crime of embezzlement as an habitual offender in the Circuit Court of DeSoto County, Mississippi. By order filed September 24, 2009, he was sentenced as an habitual offender to serve a term of five years in the custody of the Mississippi Department of Corrections, with an additional five years of post-release supervision imposed. (Pet. Brief, Ex. 5). On or about September 14, 2010, Petitioner filed a motion for post-conviction relief in the Circuit Court of DeSoto County, which was dismissed as without merit by order filed February 14, 2011. (*See, e.g.*, SCR vol. 1, 11-63; SCR Pleadings Folder, 395-97 (ECF no. 13-4, 78-81)).

Petitioner appealed, and on January 29, 2013, the Mississippi Court of Appeals affirmed the circuit court's denial of post-conviction relief. (*See* Answer, Ex. A); *see also Aranyos v. State*,

115 So. 3d 116 (Miss. Ct. App. 2013), *reh'g denied*, June 11, 2013 (Cause No. 2011-CP-00351-COA). Petitioner did not seek certiorari review, and the mandate issued on July 2, 2013. (*See* Answer, Ex. B). Petitioner subsequently filed a federal habeas petition that was transferred to this Court in July 2013, wherein he raises the following two claims for review:

> Ground One: Illegal Sentence. The state used convictions to enhance individual to habitual status pursuant to § 99-19-81 which did not qualify as petitioner was not sentenced to one (1) or more years in any state and/or federal penal institution.
>
> Ground Two: Ineffectiveness of Counsel. Counsel never questioned the prior convictions, told petitioner he qualified as an habitual offender, made no investigation, and had no meetings with petitioner before the day of sentencing.

## Discussion

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, a petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). In this case, Petitioner failed to file a timely petition for writ of certiorari so as to present his claims to the Mississippi Supreme Court, as provided for in Rule 17 of the Mississippi Rules of Appellate Procedure. *See* Miss. R. App. P. 17. Respondent asserts that because Petitioner abandoned his right to seek discretionary review with the Mississippi Supreme Court, he failed to exhaust his State court remedies. Respondent also maintains that, because the time has expired to seek such review, habeas review of Petitioner's claims is barred.

In an attempt to rebut Respondent's arguments, Petitioner argues that he filed his initial appeal and his motion for reconsideration with the Mississippi Supreme Court. Therefore, he contends, he has twice given the Mississippi Supreme Court the opportunity to rule on his claims. He also claims that the appellate rules do not require certiorari review, and that he was unaware that his motion for reconsideration was not sufficient to exhaust his claim. Given his diligent attempts to pursue relief, he maintains, the Court should not refuse to review the merits of his claims merely because he is untrained in the specifics of the law.

Under Mississippi law, an appellant who is displeased with a decision of the Mississippi Court of Appeals must file a motion for rehearing with that court, and if the result of the rehearing proceeding is dissatisfactory, file a petition for writ of certiorari with the Mississippi Supreme Court to obtain review of the decision of the Court of Appeals. *See* Miss. R. App. P. 17(b). In this case, Petitioner did not seek review of the decision of the Mississippi Court of Appeals, thereby failing to exhaust his State court remedies as required under § 2254(c). *See, e.g., Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985) (rejecting argument that discretionary appeal to state supreme court is unnecessary for the purpose of exhausting state remedies); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoner must present his claims to state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review). The time to seek certiorari review has expired. *See* Miss. R. App. P. 17(b) (requiring petition for writ of certiorari to be filed within fourteen days from the date of entry of the judgment by the Court of Appeals on the motion for rehearing). Therefore, a return to State court would be fruitless in this case.

The Court finds that because Petitioner's State court remedies were rendered unavailable by his own failure to properly exhaust his claims, he has procedurally defaulted his claims for

purposes of federal habeas review. *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). Therefore, federal habeas review of his claims is precluded unless he can show a cause for his default and actual prejudice as a result, or that the Court's failure to address the claims would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Sones*, 61 F.3d at 415.

Petitioner has not attempted to argue any external "cause" for his default, and the Court finds that Petitioner has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claims. *Coleman*, 501 U.S. at 753 ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]"). Nor does the Court find that failure to address the claims would result in a miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Petitioner has not produced any evidence to show that he meets this exception, and the Court finds it inapplicable, particularly in light of the fact that Petitioner pleaded guilty to the habitual offender charge. Accordingly, the instant petition must be dismissed.

Notwithstanding the procedural bar applicable in this case, the Court also finds that Petitioner would not be entitled to relief in its absence. Petitioner raises two claims for federal habeas relief. Both claims involve Petitioner's argument that he did qualify to be sentenced as an habitual offender under Mississippi law, as one of his prior convictions did not carry a mandatory

4

sentence of at least one year in a penal institution as required to support the classification. *See* Miss. Code Ann. § 99-19-81.

The amended indictment against Petitioner in this case listed two prior convictions to support Petitioner's classification as an habitual offender: (1) an Ohio conviction for bank robbery, for which Petitioner received a thirty-seven month sentence of imprisonment and two years of supervised release; and (2) a Pennsylvania conviction for burglary, for which he was sentenced "to serve a term of five years probation consecutive to count two[.]" (*See* SCR vol. 1, 83-84). Petitioner does not dispute that his Ohio conviction and sentence qualify as a prior conviction for purposes of the habitual offender statute. He argues, however, that his Pennsylvania sentence does not meet the requirements of the habitual offender statute, as he was sentenced to probation in that case.

In Pennsylvania, Petitioner was convicted of one count of burglary (Count One), for which he received five years or probation and which ran consecutively with his sentence for theft by unlawful taking or disposition (Count Two), for which he received "an indefinite term, the minimum of which shall be eleven and one[-]half (11 ½) calendar months, and the maximum twenty[-]three (23) calendar months[.]" (SCR Supp. vol., 16-23). Petitioner's sentence on Count One does not satisfy the requirements of the habitual offender statute, as he was not sentenced to a penal institution for one year or more on that charge. However, Petitioner's Pennsylvania sentence of imprisonment for theft by unlawful taking, which was in the record and was before the court at the time of Petitioner's plea and sentencing hearing, was for twenty-three months. *See, e.g.*, *Aranyos*, 115 So. 3d at 121 (citing *Krantz v. Pa. Bd. of Prob. & Parole*, 86 Pa. Cmwlth. 38, 483 A.2d 1044, 1047 (1984) ("[U]nder Pennsylvania law, the sentence imposed for a criminal offense is the maximum term.")). Accordingly, Petitioner's conviction and sentence

5

under Count Two is a qualifying prior conviction under Mississippi's habitual offender statute.

The Court finds that Petitioner's classification as an habitual offender was supported by the record. Therefore, Petitioner was not prejudiced by counsel's failure to object to the classification, and his ineffective assistance claim based on this substantive issue is without merit. *See, e.g., United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Additionally, as part of his guilty plea, Petitioner admitted that he had been convicted of the prior felonies establishing him as an habitual offender, and he stated that he and his attorney had discussed the petition to enter a guilty plea and the effects of being sentenced as an habitual offender. (SCR vol. 1, 12-13, 16, 30-31, 36). The Court concludes that Petitioner has procedurally defaulted the claims in the instant petition, and they are otherwise without merit. Petitioner is not entitled to habeas relief.

### Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim rejected on its merits, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court

6

was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). Applying this standard, the Court finds that a COA should be denied in this case.

### Conclusion

The Court determines that Petitioner has procedurally defaulted federal habeas review of his claims, and the instant petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 16th day of October, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**